SINGLE TUBE AUTOMOBILE & BICYCLE TIRE CO. v. CONTINENTAL RUBBER WORKS.

(Circuit Court, W. D. Pennsylvania. August 7, 1909.)

PATENTS (§ 328*)—ANTICIPATION AND INFRINGEMENT—PNEUMATIC TIRES.
  The Tillinghast patent, No. 497,971, for a pneumatic tire, *held* not anticipated, valid, and infringed.
  [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit by the Single Tube Automobile & Bicycle Tire Company against the Continental Rubber Works. Decree for complainant.

Richardson, Herrick & Neave, for complainant.
J. C. & H. M. Sturgeon, for defendant.

BUFFINGTON, Circuit Judge. This bill in equity is brought against the Continental Rubber Works by the Single Tube Automobile & Bicycle Tire Company, owner of patent No. 497,971, of May 23, 1893, to Pardon W. Tillinghast. Infringement of the second claim is charged. This claim was held valid by the Circuit Court in the First Circuit (98 Fed. 624), and the decree thereof affirmed (112 Fed. 423,

50 C. C. A. 317). The patent has also been generally respected by tube makers, and large royalties paid for licenses thereunder. Our study of the art leads us to concur in the conclusions reached by Judge Colt in the Circuit Court.

In the present case we have additional proofs bearing on the Bothroyd publication of December, 1890, and the alleged Holliday use in Chicago in the summer of that year. It is conceded by complainant's counsel that, unless the Tillinghast patent is carried back to a date prior to Bothroyd's publication, the latter would invalidate such patent. We have carefully examined all the proofs, and, without going into detail of discussion, have reached the conclusion that as early as July, 1890, Tillinghast had a clear conception of his pneumatic bicycle tube, embodying the elements of his second claim; that prior to September following he disclosed the same to the witnesses Ricketts, Renckon, and Johnson; that Ricketts, in August, under Tillinghast's directions, made a tire embodying the invention; and that from that time forward Tillinghast diligently followed up his conception and reduced the same to practice. In that connection, and as bearing on alleged anticipations in the way of gaskets and garden hose, we agree with what Judge Colt said:

"The inventive thought of Tillinghast was in the tire itself, and not in the method of uniting two annular rubber tubes and an intervening fabric, which method may previously have been adopted for various purposes. The mere fact that it was old to vulcanize together an inner rubber tube, an intervening fabric, and an outer rubber cover, in the rubber hose art and in the rubber gasket art, does not prove that there was no invention in the application of such a method of construction, with such modifications as must be made, to a pneumatic tire. Although hose pipes and gaskets had been manufactured for years prior to the Tillinghast invention, it did not occur to any skilled mechanic that their method of construction could be successfully applied to the production of a pneumatic tire."

The testimony bearing on the Holliday tire falls short of that certain and convincing character necessary to invalidate a patent. In point of time Holliday can fix none closer than that it was "some time between July and September," and he concedes "it may have been a little later [than September], but not much." No one is called to testify as to the date of the manufacture of such tires, though Holliday says he was present when they were made. He fixes his dates by no special event, and there is no corroboration by written evidence. The only supporting witness is Brady, whose testimony is not more convincing.

On the whole, we are of opinion the patent was not anticipated, and the claim in question should be decreed valid and infringed.

Let such a decree be drawn.